Bullard, J.
This suit was commenced by injunction, the plaintiff alleging that the Planters Bank of Mississippi had a judgment against him upon which he had made a large payment. That the Bank had made a fraudulent and illegal transfer of the balance due on said judgment to one Sessions, who had caused execution to issue, which had been levied on his property. That the Bank is required by the laws of Mississippi to receive its own notes in payment of all debts due to it, and is prohibited from making any assignment of its notes or other evidences of debt or claims. That its notes were at a discount, and that he tendered its own notes to the Bank, to its assignee, and to the Sheriff. He claims in compensation, the notes thus tendered, and which were deposited in Bank subject to the order of the Bank, or its assignee. He prays for an injunction, and that his tender may be declared good, and the assignment void.
The answer on the part of the Bank and of Sessions, asserts the bona fides and the validity of the assignment, and denies that the assignee is bound to receive in payment the notes of the Bank, *126 or that the plaintiff in injunction is entitled to any other compensation, or offset, than the amount credited on the judgment. .
The judgment was in substance rendered perpetual, and the assignee compelled to allow in compensation and discharge of the judgment, assigned to him, the notes tendered and deposited subject to his order in bank. The Bank and Sessions have appealed.
On the trial, the offer to pay or tender both to the Bank and its assignee, and the Sheriff, in the notes of the Bank, was proved. The question was therefore, fairly presented, whether the assig-nee was bound to receive in payment the notes of the Bank, not shown to have been in his possession, before notice of the assignment.
The judgment debtor and plaintiff in injunction, relies upon the statute of the State of Mississippi, of 1840, which absolutely forbids the banks of that state “ to transfer by endorsement, or otherwise, any note, bill receivable, or other evidence of debt and which requires the banks, at all times, to receive their own notes in payment.* On the other hand, it has been ingeniously argued by the counsel for the assignee, that that statute is unconstitutional, and void; as it impairs the obligation of contracts, and is inconsistent with the rights of the Bank as conferred by its charter.
We had occasion, in the case of Hyde and another v. The Planters Bank, decided in the Eastern District, in July, 1844, (8 Robinson,) to pronounce our opinion upon this question, and we then held that the statute was constitutional, and allowed the compensation. Our opinion remains unchanged, and is greatly strengthened by a decision of the High Court of Errors of the State of Mississippi, to the same effect, which has been brought to our notice in their reports. 3 Smeed & Marshall, 661.
In the progress of the trial, the surety on the injunction bond was offered as a witness, after other sureties had been substituted *127 to him on the bond, notwithstanding the objection, that by the act of 183) the surety on an injunction bond is a party to the suit, and liable to be condemned, in solido, with the plaintiff, for damages and interest. The court did not err in our opinion, in permitting him to testify. This question has already been settled in a case in the Eastern District.
The intervention of Budlong, was, in our opinion, properly disregarded ; because, even supposing he had a right, notwithstanding the assignment, to seize the judgment, as still the property of the Bank, yet the judgment debtor would have the same right to pay him in the notes of the Bank, as to pay the assignee. There is no other difference, than between a voluntary assignment, and one by operation of law.

Judgment affirmed.

 The statute requiring the banks “ at all times to receive their respective notes at par in the liquidation of their bills receivable, and other claims due them,” was passed on the 23d of February, 1840. The act prohibiting the transfer of the bills and other evidences of debt held by the banks, was passed on the 21st of that month.